**SELECTIVE WAY INSURANCE COMPANY, Petitioner**

v.

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 13, 2010.

Decided Nov. 30, 2010.

Stephen D.D. Hamilton, Philadelphia, for petitioner.

John J. Butchar, Sr. Deputy Attorney General, Harrisburg, for respondent.

BEFORE: LEADBETTER, President Judge, and McGINLEY, Judge, and COHN JUBELIRER, Judge, and LEAVITT, Judge, and BROBSON, Judge, and McCULLOUGH, Judge, and BUTLER, Judge.

OPINION BY Judge BROBSON.

Respondent Commonwealth of Pennsylvania (Commonwealth), pursuant to Pa. R.A.P. 1571(i), filed exceptions to this Court's June 30, 2010, decision in *Selective Way Insurance Company v. Commonwealth,* 1 A.3d 950 (Pa.Cmwlth.2010) (*Selective Way I* ).[1] The dispute here focuses on the difference between Pennsylvania's and New Jersey's schemes for taxing insurance company premiums.[2] Petitioner Selective Way Insurance Company (Selective Way) is a New Jersey insurance company doing business in Pennsylvania. The exceptions address whether the Department of Revenue (Department) was required to apply the NJ Premium Cap in order to determine whether a New Jersey insurer doing business in Pennsylvania must pay a retaliatory tax pursuant to Section 212 of The Insurance Department Act of 1921(Act), Act of May 17, 1921, P.L. 789, *as amended,* 40 P.S. § 50.[3]

---

1. Petitioner filed petitions for review with this Court for tax years 2003, 2004, and 2005, which are separately docketed as Nos. 426, 427, & 428 F.R. 2008. The parties, however, requested that the Court treat this matter as the lead case to resolve the substantive legal issue common to all of the cases. We have stayed the other three cases, pending the resolution of the legal issue now before the Court in this matter.

2. Pennsylvania's tax scheme requires every insurance company doing business in the Commonwealth to pay "a tax at the rate of two per cent of the gross premiums received from business done within this Commonwealth during each calendar year." Section

902(a) of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. § 7902(a). In contrast, New Jersey imposes a premium tax rate of 2.1% on insurance companies offering the types of coverage that Selective Way offers—0.1% higher than Pennsylvania's premium tax rate. N.J.S.A. § 54:18a–2(a). New Jersey's premium tax statute includes an additional provision that caps the amount of taxable premium at 12.5% of the company's total worldwide premiums (NJ Premium Cap). N.J.S.A. § 54:18a–6(a).

3. Section 212 of the Act provides, in pertinent part:

   "**Burdens or Prohibitions**" includes taxes, fines, penalties, licenses, fees, rules,

In the majority opinion in *Selective Way I*, this Court explained that to determine whether a foreign insurer owes a retaliatory tax in Pennsylvania, the Department must compare, *inter alia,* the premium tax the foreign insurer pays in Pennsylvania to what a like Pennsylvania insurer would pay in premium tax in the foreign state. If the like Pennsylvania insurer's premium tax obligation in the foreign state would be *higher* than the foreign insurer's Pennsylvania premium tax, then the foreign insurer will owe a retaliatory tax for the difference. We concluded that the Board of Finance and Revenue (Board) erred in upholding the Department's calculation of Selective Way's retaliatory tax because the Department failed to include in its calculation the effect that the NJ Premium Cap would have on a like Pennsylvania insurer's premium tax obligation in New Jersey. By doing so, the Board assessed a retaliatory tax on Selective Way based on a fictional, much higher New Jersey premium tax than what a similarly-situated Pennsylvania company would actually pay in New Jersey. We thus reversed the order of the Board, which denied Selective Way's request for a refund of retaliatory taxes it paid for tax year 2006.

The Commonwealth filed exceptions to the majority's opinion, essentially arguing that the Court erred in applying *United Services Automobile Association v. Commonwealth,* 152 Pa.Cmwlth. 184, 618 A.2d 1155 (1992) (*USAA* ). The Commonwealth argues that the Court should have applied the New Jersey Supreme Court's decision in *American Fire & Casualty Company v. Director, Division of Taxation,* 189 N.J. 65, 912 A.2d 126 (2006). Applying *American Fire,* the Commonwealth argues that we must conclude that the Department appropriately disregarded the NJ Premium Cap when calculating Selective Way's Pennsylvania retaliatory tax. The Commonwealth also argues that because New Jersey applies the NJ Premium Cap differently depending on whether a company was doing business in that state on or after June 30, 1984, application of the cap in a Pennsylvania retaliatory tax calculation would violate the Uniformity Clause.[4]

We believe the majority's decision interpreting Section 212 of the Act in *Selective Way I* was proper. We disagree with the Commonwealth's interpretation of *American Fire.* That case in no way stands for the proposition that in determining whether a New Jersey insurer owes a retaliatory tax in a foreign state, the foreign state should (indeed must) ignore the NJ Premium Cap in calculating what a like-foreign insurer would pay in New Jersey premium tax. To the contrary, *American Fire*

---

regulations, obligations, and prohibitions, including prohibitions against writing particular kinds of insurance by insurance companies, and restrictions on the payment or division of commissions to or with insurance agents or brokers licensed under the laws of this Commonwealth.

. . .

*If any other state imposes any burdens or prohibitions on insurance companies, or agents of this state doing business in such other state, which are in addition to, or in excess of, the burdens or prohibitions imposed by this Commonwealth on insurance companies and agents, like burdens and prohibitions shall be imposed on all insurance companies and agents of such other state doing business in this Commonwealth, so long as the burdens and prohibitions of such other state remain in force.* In applying this section to an insurance company of another state, such company shall not be required to pay any taxes and fees which are greater in aggregate amount than those which would be imposed by the laws of such other state and any political subdivision thereof upon a like company of this Commonwealth transacting the same volume and kind of business in such other state.

(Emphasis added).

4. Pa. Const. art. VIII, § 1.

demonstrates to this Court the New Jersey Supreme Court's concern that New Jersey's *retaliatory tax* scheme might eviscerate the underlying purpose of the NJ Premium Cap—*i.e.,* to incentivize foreign insurers to do more business in New Jersey. To that end, under *American Fire,* New Jersey, in essence, foregoes imposition of a portion of a retaliatory tax on foreign insurers in order to preserve the benefit that the foreign insurers derive from the NJ Premium Cap.

Under the auspices of *American Fire,* the Commonwealth would have us ignore the NJ Premium Cap. But *American Fire* stands for the proposition that the NJ Premium Cap must be honored and preserved, not ignored. The majority opinion in *Selective Way I* does just that.[5]

Accordingly, the exceptions to the majority opinion in *Selective Way I* are overruled.

### ORDER

AND NOW, this 30th day of November, 2010, the exceptions filed by the Commonwealth of Pennsylvania to this Court's majority opinion and order in *Selective Way Insurance Company v. Commonwealth,* 1 A.3d 950 (Pa. Cmwlth. 2010), are hereby **OVERRULED.** The order of the Board of Finance and Revenue in the above-captioned matter, dated April 22, 2008, is REVERSED.

---

**5.** Our opinion in *Selective Way I* also fully and adequately addresses and rejects the Commonwealth's Uniformity Clause argument. Thus no further examination of this issue is necessary.